[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This action arises out of the alleged default by the defendant upon a commercial promissory note now held by the plaintiff. The defendant filed an answer and a special defense. The defendant's special defense alleged that "[t]he plaintiff did not have a certificate of authority from the Secretary of the State of Connecticut on the date suit was initiated and was and is, pursuant to Conn. Gen. Stat. § 33-412, without capacity to maintain this action."
The plaintiff has filed a motion to strike the special defense on the grounds that the statutory section cited by the defendant had been repealed and, in any event, the plaintiff's activities are excluded from the statutory requirements. The court, Mintz, J., granted the motion to strike on June 25, 1997, without opinion.
On July 9, 1997, the defendant filed a substituted special defense which was identical to the original special defense. On August 14, 1997, the plaintiff filed a motion to strike the substituted special defense upon the same grounds as its first motion to strike. The motion was granted by the court, D'Andrea,J., on October 3, 1997. In its order, the court indicated that "[t]he plaintiff does not allege any facts in its complaint to suggest that it may have `transacted business in violation of Conn. Gen. Stat. § 33-396 because its [alleged] loan activity involving the [defendant] falls within the exception set forth in Conn. Gen. Stat. § 33-397(a).' Mundaca Investment Corp. v.Daddona, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 144551 (Jan. 4, 1996, Hickey, J.). The defendant's special defense is legally insufficient." CT Page 12235
Thereafter, the defendant filed another special defense. This time, the defendant set forth in the special defense the particulars of the activities alleged to constitute "transacting business" in Connecticut. The special defense alleged that such activity was conducted without a certificate of authority, and in the absence of such a certificate the plaintiff was without capacity to maintain the current action under General Statutes § 33-412.
The plaintiff filed a motion to strike this special defense on the basis that the factual allegations within the special defense do not constitute "transacting business" in Connecticut within the meaning of General Statutes § 33-396(a). On November 10, 1997, the court, Mintz, J., denied the motion to strike without opinion.
On December 24, 1997, the plaintiff filed a motion for summary judgment as to liability only. The motion was filed "[p]ursuant to Connecticut Practice Book § 152 [now Practice Book (1998 Rev.) § 10-39], et seq."[1] on the ground that there exists no genuine issue of material fact and it is entitled to judgment as a matter of law. The plaintiff filed an affidavit of the president of the plaintiff company in support of the motion. Oddly, in its memorandum in support of the motion, the plaintiff indicates that it "files this Motion to Strike the defendant's special defense pursuant to Practice Book § [10-39], et seq., because facts are not alleged therein which constitute `transacting business' in the state of Connecticut within the meaning of [General Statutes §] 33-396, and since only foreign [corporations] which `transact business' in Connecticut within the meaning of [§] 33-396 are required to have a certificate of authority, the special defense is legally insufficient." The memorandum in support of the "motion for summary judgment" is curiously identical to the plaintiff's memorandum in support of its motion to strike filed on October 30, 1997, except for the substitution of a paragraph of summary judgment boilerplate language in place of motion to strike boilerplate language, and the addition of a paragraph at the end of the motion tying in the effect of the affidavit filed in support of the motion.
The defendant filed an objection to the motion for summary judgment on the ground, inter alia, that summary judgment on a special defense is improper. The defendant's argument that the CT Page 12236 plaintiff has improperly challenged the sufficiency of the defendant's special defense in its present motion is well taken.
"[T]he Superior Courts are almost in unanimous agreement that a motion for summary judgment as to a special defense is improper since Practice Book § [17-44] makes no provision for it . . . Rather, a special defense that is insufficient or invalid on its face may be eliminated by way of a motion to strike pursuant to Practice Book § [10-39] . . ." (Citations omitted; internal quotation marks omitted.) First Lake Corp. v.Buckley, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 556024 (February 23, 1998, Satter, S.T.R.) (citing cases); see also Baskin v. Portnoy, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 136911 (March 7, 1995, D'Andrea, J.) (same).
The plaintiff filed a motion to strike on October 30, 1997, and the motion was denied by the court. The plaintiff may not revisit the court's decision on the motion to strike through use of the current "motion for summary judgment," which is virtually identical to the prior motion to strike. The issue of whether the defendant's special defense is valid, raised by the motion to strike, has been ruled upon by the court in this same action. Although the court, Mintz, J., denied the motion to strike without issuing a memorandum of decision, no motion for articulation has been filed by the plaintiff. "[T]his prior ruling by the court on this precise issue is the law of the case and is dispositive as to the [plaintiff's] claim. `A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule that of another judge.'" Payor v.Jacobson, Superior Court, judicial district of New Haven at New Haven, Docket No. 314650 (May 21, 1992, Maiocco, J.), quotingBreen v. Phelps, 186 Conn. 86, 99, 439 A.2d 1066 (1982).
The existence of the defendant's special defense gives rise to a genuine issue of material fact. Moreover, the plaintiff seeks a "motion for summary judgment" on the defendant's special defense, which is improper. Therefore, the plaintiff is not entitled to judgment as a matter of law. For these reasons, the plaintiff's motion for summary judgment is denied.
D'ANDREA, J.